# UNITED STATES AIR FORCE
# COURT OF CRIMINAL APPEALS

————————————

**No. ACM S32460**

————————————

**UNITED STATES**
*Appellee*

**v.**

**Harley K. PINHO-TAMBURI**
Airman First Class (E-3), U.S. Air Force, *Appellant*

————————————

Appeal from the United States Air Force Trial Judiciary

Decided 5 September 2017

————————————

*Military Judge:* Natalie D. Richardson.

*Approved sentence:* Bad-conduct discharge, confinement for 60 days, hard labor without confinement for 90 days, and reduction to E-1. Sentence adjudged 2 February 2017 by SpCM convened at Travis Air Force Base, California.

*For Appellant:* Major Annie W. Morgan, USAF.

Before MAYBERRY, JOHNSON, and MINK, *Appellate Military Judges.*

Judge MINK delivered the opinion of the court, in which Senior Judges MAYBERRY and JOHNSON joined.

————————————

**This is an unpublished opinion and, as such, does not serve as precedent under AFCCA Rule of Practice and Procedure 18.4.**

————————————

MINK, Judge:

A special court-martial composed of a military judge sitting alone found Appellant guilty, consistent with his pleas and in accordance with a pretrial agreement (PTA), of divers wrongful use and distribution of lysergic acid diethylamide (LSD) in violation of Article 112a, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 912a.

This case was submitted to us on its merits with no assignments of error. However, we address one issue not raised by the parties: error in the staff judge advocate's recommendation (SJAR) to the convening authority.

## I. BACKGROUND

On or about 17 September 2016, while stationed at Travis Air Force Base (AFB), California (CA), Appellant purchased ten hits of LSD. A few days later, Appellant and Airman First Class (A1C) BF went to Muir Woods, CA. Appellant gave two hits of LSD to A1C BF and both Appellant and A1C BF consumed two hits each of LSD. About a week later, Appellant consumed one hit of LSD in his dormitory room on Travis AFB.

Sometime in mid-October 2016, Senior Airman (SrA) JW went to Appellant's dormitory room after completing his duty shift. Appellant provided SrA JW with one hit of LSD and Appellant and SrA JW consumed a single hit each of LSD in Appellant's dormitory room. Two days after using LSD with SrA JW, Appellant consumed four hits of LSD by himself. Sometime in late October 2016, Appellant attended a party with SrA CW at a friend's house in Vacaville, CA. While at the party, Appellant provided SrA CW with one-half of a hit of LSD and both Appellant and SrA CW each consumed one-half of a hit of LSD.

Approximately two days later, Appellant bought five more hits of LSD. On 11 November 2016, Appellant and SrA CW went to a concert in San Jose, CA. Prior to entering the concert, Appellant consumed two hits of LSD and gave SrA CW one hit of LSD. A few days later on 15 November 2016, Appellant and SrA GR went to see a movie in Fairfield, CA. Prior to departing for the movie, Appellant used one hit of LSD in the presence of SrA GR.

Appellant was charged with wrongfully using and distributing LSD on divers occasions in violation of Article 112a, UCMJ. Appellant entered into a PTA with the convening authority whereby Appellant agreed, *inter alia*, to plead guilty as charged. In return, the convening authority agreed not to approve confinement in excess of eight months.

The military judge found Appellant guilty, in accordance with his pleas, of wrongfully using and distributing LSD on divers occasions. For these offenses, the military judge sentenced Appellant to a bad-conduct discharge, confinement for 60 days, hard labor without confinement for 90 days, and reduction to the grade of E-1.

After the trial, the staff judge advocate (SJA) prepared a SJAR for the convening authority which stated, *inter alia*, the maximum imposable sentence of the offenses for which Appellant was convicted included a "[bad-conduct discharge], *confinement for 12 months, hard labor without confinement for 3 months, forfeiture of 2/3 pay per month for 12 months,* reduction to the grade

of E-1, *a fine*, and a reprimand." (Emphasis added.) The SJA recommended the convening authority approve the adjudged sentence. Appellant submitted clemency matters for consideration by the convening authority in which he requested reduction or disapproval of the 90 days of hard labor without confinement. Appellant did not object to the SJAR's statement regarding the maximum imposable sentence nor did Appellant allege any legal error in the SJAR. The convening authority approved the sentence as adjudged.

## II. DISCUSSION – SJAR ERROR

The proper completion of post-trial processing is a question of law this court reviews de novo. *United States v. LeBlanc*, 74 M.J. 650, 660 (A.F. Ct. Crim. App. 2015). If the Defense does not make a timely comment on an error in the SJAR, the error is forfeited "unless it is prejudicial under a plain error analysis." *United States v. Scalo*, 60 M.J. 435, 436 (C.A.A.F. 2005) (citing Rule for Courts-Martial (R.C.M.) 1106(f); *United States v. Kho*, 54 M.J. 63, 65 (C.A.A.F. 2000)). Under a plain error analysis, we assess whether: "(1) there was an error; (2) it was plain or obvious; and (3) the error materially prejudiced a substantial right." *Id.* (quoting *Kho*, 54 M.J. at 65). To meet the third prong of the plain error test in the context of a post-trial SJAR error, we must find "some colorable showing of possible prejudice." *Id.* at 436–37 (quoting *Kho*, 54 M.J. at 65).

Because Appellant did not object to the SJAR, we test for plain error. *Scalo*, 60 M.J at 436. R.C.M. 1003(b)(6) provides in pertinent part:

> Hard labor without confinement may be adjudged for no more than 1-1/2 months for each month of authorized confinement and in no case for more than three months. . . . Confinement and hard labor without confinement may be adjudged in the same case, but they may not together exceed the maximum authorized period of confinement, calculating the equivalency at the rate specified in this subsection.

While confinement for up to 12 months and hard labor without confinement for three months were both authorized punishments, these two punishments could not—when aggregated and analyzed under equivalency standards—exceed the total authorized period of confinement, which in this case was 12 months. The SJAR's failure to acknowledge this limitation was plain or obvious error. *See United States v. Kyc*, No. ACM S32391, 2017 CCA LEXIS 376 (A.F. Ct. Crim. App. 30 May 2017) (unpub. op.).

Additionally, R.C.M. 1003(b)(3) provides in pertinent part:

> Any court-martial may adjudge a fine in lieu of or in addition to forfeitures. In the case of a member of the armed forces, summary and special courts-martial may not adjudge any fine or combination of fine and forfeitures in excess of the total amount of forfeitures that may be adjudged in that case.

The maximum forfeiture that a special court-martial may adjudge is two-thirds of the accused's pay per month for 12 months. R.C.M. 201(f)(2)(B)(i). Thus, Appellant could not have been sentenced to a fine in addition to forfeiture of two-thirds pay per month for 12 months. The SJA's advice that the maximum punishment could include both forfeiture of two-thirds of Appellant's pay per month for 12 months as well as a fine was therefore also plainly erroneous. *See United States v. Books*, No. ACM S32369, 2017 CCA LEXIS 226, at *7 (A.F. Ct. Crim. App. 31 Mar. 2017) (unpub. op.).

Despite these errors in the SJAR's statement of the maximum imposable sentence, we find no colorable showing of possible prejudice. The adjudged and approved sentence including 60 days' confinement and 90 days' hard labor without confinement was a legally permissible sentence. Further, the Government did not seek a fine in this case, and neither a fine nor a forfeiture of pay was adjudged. While Appellant requested a reduction or disapproval of the 90 days of hard labor without confinement in his clemency submission, Appellant did not allege any error in the SJAR. Appellant also raised no assignments of error before this court. We find no basis to conclude the erroneous inclusion of the possibility of 12 months' confinement and three months' hard labor without confinement, or the inclusion of the possibility of a fine in the recitation of the maximum possible punishment in this case influenced the convening authority to Appellant's detriment. Given the sentence adjudged by the court-martial and the convening authority's agreement to approve no more than eight months confinement under the terms of the PTA, we are confident that a correct statement of the maximum imposable punishment in the SJAR would not have led to a more favorable recommendation by the SJA or clemency by the convening authority. Therefore, no relief is warranted on this basis.

### III. CONCLUSION

The approved findings and sentence are correct in law and fact, and no error materially prejudicial to the substantial rights of Appellant occurred. Articles 59(a) and 66(c), UCMJ, 10 U.S.C. §§ 859(a), 866(c).

Accordingly, the findings and the sentence are **AFFIRMED**.

FOR THE COURT

KURT J. BRUBAKER
Clerk of the Court